## CALIFORNIA CHAMBER OF COMMERCE, etc., et al., Plaintiffs,

### v.

## C. Robert SIMPSON, etc., Defendant.

### No. CV 84–4692 AWT.

United States District Court,
C.D. California.

Jan. 8, 1985.

---

Richard J. Simmons, Thomas E. Hill, Musick, Peeler & Garrett, Los Angeles, Cal., Robert L. Thompson, Thomas A. Pogue, Elarbee, Thompson & Trapnell, Atlanta, Ga., for plaintiffs.

Louis Giannini, Chief Counsel, H. Thomas Cadell, Jr., Div. of Labor Standards Enforcement, San Diego, Cal., for defendant.

## MEMORANDUM OPINION

TASHIMA, District Judge.

This is an action for declaratory and injunctive relief against the Labor Commissioner of the State of California. At issue is whether or not the enforcement of state law and procedures with respect to severance benefit plans has been preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs have moved for summary judgment. Defendant has moved to dismiss as against plaintiff California Chamber of Commerce ("CCC") for its lack of standing.

## CCC'S STANDING

Defendant challenges CCC's standing because it does not allege that it is itself a participant, beneficiary or fiduciary under ERISA who are the only classes of persons (in addition to the Secretary of Labor) to whom Congress has granted the right under ERISA to enforce the act. 29 U.S.C. § 1132. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2852, 2854, 77 L.Ed.2d 420 (1984). Defendant, however, completely ignores the doctrine of associational standing, a doctrine that *Construction Laborers* did not address.

CCC is a non-profit corporation. It is a statewide membership trade association made up of business members. It advises its members on state and federal legislative and judicial developments of interest to the business community. Through publications and seminars, it informs its members of their obligation under state and federal laws. It engages in litigation to protect its members' interests. It and its members are ERISA "employers." 29 U.S.C. § 1003. A number of its members, including plaintiff Scovill, Inc., sponsor and administer severance pay benefit plans, funds and programs (collectively "severance benefit plans").

In these circumstances, CCC has associational standing to sue. Its members have standing to sue in their own right. Indeed, the standing of plaintiff Scovill, a CCC member, is unchallenged. The interests CCC seeks to protect here are germane to its purpose. Individual member participation is not required by either the nature of the claim asserted or the relief requested. *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977); *Black Faculty Ass'n v. San Diego Community College Dist.,* 664 F.2d 1153, 1156 (9th Cir. 1981). I have heretofore implicitly held that the doctrine of associational standing applies in ERISA cases. *Council of Hawaii Hotels v. Agsalud,* 594 F.Supp. 449, 450 n. 1 (D.Hawaii 1984). I now do so expressly.

Moreover, although neither party has raised the issue, it appears by virtue of a final judgment in another action that defendant is collaterally estopped from relitigating the issue of CCC's standing. In a prior action, this court concluded that CCC had standing to bring an action for injunctive and declaratory relief under ERISA both on its own behalf and on behalf of its members. *California Hosp. Ass'n v. Henning,*[1] 569 F.Supp. 1544, Conclusion of Law No. 3 (C.D.Cal.1983).[2]

---

[1] Patrick W. Henning was the predecessor of defendant C. Robert Simpson as Labor Commissioner of the State of California. Since defendant is being sued in his official capacity, the same party, *i.e.,* the Labor Commissioner, is a party to both actions, as is the CCC.

[2] Other aspects of this case are reported at 569 F.Supp. 1544.

■ The doctrine of collateral estoppel "forecloses relitigation of those issues of fact or law that were actually litigated and necessarily decided by a valid and final judgment in a prior action between the parties." *In re Duncan*, 713 F.2d 538, 541 (9th Cir.1983). The principles of collateral estoppel apply to jurisdictional issues, such as standing. *Stewart Sec. Corp. v. Guaranty Trust Co.*, 597 F.2d 240, 241 (10th Cir.1979); *Cutler v. Hayes*, 549 F.Supp. 1341, 1343 (D.D.C.1982). Finally, although *California Hosp. Ass'n* is on appeal, the pendency of an appeal does not suspend the operation of an otherwise final judgment as collateral estoppel. *Convergence Corp. v. Videomedia*, 539 F.Supp. 760, 762 (N.D.Cal.1981); *United States v. Abatti*, 463 F.Supp. 596, 599 (S.D.Cal.1978).

I, therefore, conclude that CCC has associational standing to sue under ERISA.

## PREEMPTION UNDER ERISA

■ ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)...." 29 U.S.C. § 1144(a). Defendant concedes that severance benefit plans are "employee benefit plans" within the meaning of ERISA. *See Blau v. Del Monte Corp.*, 748 F.2d 1348 at 1352 (9th Cir.1984). As employee benefit plans, plaintiffs' plans are covered by § 1003(a) since it is undisputed that the employers represented by CCC are engaged in commerce or in an industry affecting commerce. *Id.* at 1351.

The threshold inquiry here is whether the provisions plaintiffs seek to have declared preempted are "State laws" within the meaning of § 1144(a). Plaintiffs contend that the following provisions are state laws and, thus, are preempted by ERISA: (1) Section 10.65 of the Operations and Procedures Manual of the Division of Labor Standards Enforcement (the "Manual"); (2) *Chapin v. Fairchild Camera & Instrument Corp.*, 31 Cal.App.3d 192, 107 Cal. Rptr. 111 (1973) (*"Chapin"*), a copy of which is provided in § 10.65 of the Manual; and (3) Cal.Labor Code §§ 98(a) & 96(h).

The term "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State...." 29 U.S.C. § 1144. *Chapin* and Cal.Labor Code §§ 96(h) and 98(a) are clearly state laws within this definition. *See California Hosp. Ass'n v. Henning*, 569 F.Supp. 1544, 1547 (C.D.Cal.1983) (Cal. Labor Code § 227.3 and the California case, *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774, 183 Cal.Rptr. 846, 647 P.2d 122 (1982) are state laws within the meaning of ERISA). Defendant contends, however, that § 10.65 of the Manual is only an instructional tool and, thus, is not a state law. Insofar as § 10.65 attempts to provide a framework for deciding severance claims, for example by providing a copy of *Chapin* for guidance to Deputy Labor Commissioners as to the payment of severance benefits to employees who continue to be employed by a successor employer, it serves as an enforcement guide. As such, it is a "State law" within the meaning of ERISA. *California Hosp. Ass'n*, 569 F.Supp. at 1547 ("Internal Policy and Procedures Memorandum" regulating vacation plans was enforcement policy and, thus, fell within definition of state law).

■ In order to be preempted by ERISA, a state law must "relate to" an employee benefit plan. Under ERISA, a law relates to an employee benefit plan if it "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). The state law need not, contrary to defendant's contention, be inconsistent with specific ERISA provisions. Rather, Congress intended ERISA to have a broad preemptive scope, occupying the entire field of regulation of employee benefit plans. *Id.* at 2900–01; *Standard Oil Co. v. Agsalud*, 633 F.2d 760, 765 (9th

Cir.1980), *aff'd*, 451 U.S. 801, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); *California Hosp. Ass'n*, 569 F.Supp. at 1546–47.

■ Clearly, § 10.65 of the Manual and *Chapin* "relate to" employee benefit plans since they directly regulate the payment of severance benefits to employees. However, Cal.Labor Code §§ 96(h) and 98(a) require a somewhat different analysis because neither directly regulates employee benefit plans; rather, each is part of a procedural scheme for the adjudication of, *inter alia*, severance benefit claims.

*Section 98(a)*

Section 98(a) provides that the Labor Commissioner may investigate and hold hearings as to severance benefit claims.[3] It "relates to" employee benefit plans due to its interference with the adjudication of employee claims for severance benefits under ERISA. Under California's statutory scheme, once an employee files a claim with the Labor Commissioner for severance benefits, the Commissioner may hold an administrative hearing to adjudicate the merits of that claim. Cal.Labor Code § 98(a). If the Commissioner sets a hearing on an employee's complaint, judicial relief must await the Commissioner's administrative order, decision or award, from which an appeal may be taken to a state court of competent jurisdiction for *de novo* review. *Id.* at § 98.2(a).

Section 98(a) relates to employee benefit plans in that it intrudes upon the Congressional scheme in at least three ways. First, under ERISA, the Secretary of Labor is the executive agency charged with its enforcement. He has the statutory authority to conduct investigations under ERISA. 29 U.S.C. § 1134. Congress did not contemplate that state labor commissioners should have parallel, equivalent investigatory authority over purported ERISA violations.

Second, ERISA does not contemplate that parties to a benefits dispute be required to undergo an administrative hearing and determination as a prerequisite to the civil action authorized by 29 U.S.C. § 1132(a). ERISA provides that state and federal courts have concurrent jurisdiction over benefit recovery actions. 29 U.S.C. § 1132(e)(1). If such actions are commenced in state court, the defendant has the right of removal to federal court. *McConnell v. Marine Eng'rs Beneficial Ass'n*, 526 F.Supp. 770 (N.D.Cal.1981); *Lafferty v. Solar Turbines Int'l*, 666 F.2d 408 (9th Cir.1982) (per curiam) (by implication). Under § 98(a), however, a defendant would have to await final determination of the administrative proceeding before the Labor Commissioner before exercising its right of removal.[4] Thus, in this manner also, the provision relates to employee benefit plans.

Finally, the state statute mandates that attorney's fees and costs be awarded against the party who seeks judicial review of the Labor Commissioner's decision and is unsuccessful on appeal. Cal.Labor Code § 98.2(b). This provision clearly is intended to discourage appeal from the Labor Commissioner's award and conflicts with ERISA's provision for discretionary attorney's fees and costs to either party. 29 U.S.C. § 1132(g)(1). *See Hummell v. S.E.*

---

**3.** Cal.Labor Code § 98(a) provides, in part:

The Labor Commissioner shall have authority to investigate employee complaints. The Labor Commissioner may provide for a hearing in any action to recover wages, penalties, and other demands for compensation properly before the division or the Labor Commissioner ... and shall determine all matters arising under his or her jurisdiction ... Within 30 days of filing the complaint, the Labor Commissioner shall notify the parties as to whether a hearing will be held within a reasonable period of time, or whether action will be taken in accordance with Section 98.3, or whether no further action will be taken on the complaint. However, the Labor Commissioner may postpone or grant additional time before setting a hearing if the Labor Commissioner finds that such would lead to an equitable and just resolution of the dispute.

**4.** It is unnecessary to determine whether the Labor Commissioner is the functional equivalent of a "State court" under 28 U.S.C. § 1441(a) for removal purposes. *See Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100 (7th Cir.1979).

*Rykoff & Co.,* 634 F.2d 446, 452–53 (9th Cir.1980).

Given the Congressional intent to totally preempt all state regulation of employee benefit plans, I hold § 98(a) to be invalid as it applies to severance benefit claims. *See Shaw,* 103 S.Ct. at 2900.

*Section 96(h)*

Section 96(h) at least authorizes and may require[5] the Labor Commissioner to accept assignments of severance benefit claims, for the purpose of prosecuting such claims on behalf of the assignor-employee. Cal. Labor Code § 98.3. The issue is whether or not the taking of such assignments by the Commissioner and the prosecution of those ERISA claims before a competent state or federal court would affect the administration of employee benefit plans, or otherwise "relate to" such plans.

As discussed above, Congress intended ERISA to have a broad preemptive scope. ERISA has been held to preempt all state laws purporting to regulate the administration of employee benefit plans. *See Carpenters Pension Trust v. Kronschnabel,* 460 F.Supp. 978, 981 (C.D.Cal.1978), *aff'd,* 632 F.2d 745 (9th Cir.1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981); *Azzaro v. Harnett,* 414 F.Supp. 473, 474–75 (S.D.N.Y.1976), *aff'd,* 553 F.2d 93 (2d Cir.), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977).

Like § 98(a), § 96(h) intrudes on Congress' delegation of the "parens patriae" function under ERISA to the Secretary of Labor. Under the act, the Secretary has plenary authority to bring civil actions including for equitable relief to redress any individual violation. 29 U.S.C. § 1132(a)(5). Again, the Congressional scheme does not contemplate that state labor commissioners should exercise a similar parens patriae function to redress asserted individual violations of ERISA's benefits provisions by taking assignments of such claims and prosecuting them on behalf of employees.

**5.** Cal.Labor Code § 15 ("shall" is mandatory).

CONCLUSION

While I recognize the salutary purpose of the disputed provisions of state law and the actions of the Labor Commissioner, I must recognize also what my brother Gadbois has aptly termed "the most sweeping preemption statute ever enacted by Congress." *California Hosp. Ass'n,* 569 F.Supp. at 1546. For the reasons stated herein, I hold that § 10.65 of the Operations and Procedures Manual, *Chapin v. Fairchild Camera & Instrument Corp.* and Cal.Labor Code §§ 98(a) & 96(h) may not be applied to severance benefit plans of employers in or affecting commerce and to severance benefit claims arising under such plans by reason of ERISA's broad preemption provision, 29 U.S.C. § 1144(a), by virtue of the Supremacy Clause, Const. art. VI § 2.

IT IS ORDERED that plaintiffs' motion for summary judgment is granted and a declaratory judgment and permanent injunction in plaintiff's favor shall be entered accordingly.