[No. B026287. Second Dist., Div. One. Dec. 22, 1987.]

VAUGHN BRUENN, Plaintiff and Appellant, v.
AETNA LIFE INSURANCE COMPANY, Defendant and
Respondent.

**COUNSEL**

Owen A. Silverman and Steven R. Berardino for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, John J. Swenson, Brian M. Monkarsh and Mary Lee Rehrauer for Defendant and Respondent.

OPINION

DEVICH, J.—Plaintiff, Vaughn Bruenn (Bruenn), appeals following an order granting summary judgment[1] in favor of defendant, Aetna Life Insurance Company (Aetna). He contends the trial court erred in determining his action was preempted by federal law. We affirm.

BACKGROUND

Bruenn was hired by Hughes Helicopters, Inc. (Hughes) in 1982. As an employee of Hughes (and its successor, McDonnell Douglas), Bruenn participated in an employee benefit plan which included a program providing medical benefits (medical plan). The medical plan was administered by Aetna.

In April 1984, Bruenn underwent back surgery and submitted a claim for reimbursement of his surgeon's fees. Aetna disallowed a portion of those fees on grounds they exceeded the reasonable and customary charges for comparable surgery and were thus not reimbursable under an exclusion in the medical plan.

In April 1985, Bruenn filed a complaint against Aetna stating causes of action in contract, fraud, infliction of emotional distress, and bad faith under Insurance Code section 790.03 (unfair practices in the business of insurance). Following discovery, Aetna moved for summary judgment.

The facts relevant to the summary judgment motion are not in dispute. The medical plan in question was subject to the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1000 et seq.) (ERISA). Aetna administered the medical plan and provided excess insurance coverage pursuant to a contract with Hughes known as the Split-Funded Agreement (Agreement). Under the Agreement, Aetna reviewed claims, determined questions of coverage, and administered payment to medical plan participants. Hughes was required to provide all funds necessary to satisfy employees' medical claims up to a maximum liability limit determined by a formula contained in the Agreement. However, the maximum was not met at any time relevant to this action. Consequently, Aetna had never become liable for excess coverage and all medical payments to employees were funded solely by Hughes.

---

[1] Bruenn's notice of appeal was filed on February 25, 1987, and judgment was not entered in favor of Aetna until two days later. Although this notice was premature, we treat the appeal as having been taken from the judgment. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 81, p. 104.)

In granting Aetna's motion for summary judgment on the ground that Bruenn's action was federally preempted by ERISA, the trial court determined that Aetna was acting solely as an administrator rather than an insurer and that the excess coverage contemplated in the Agreement was not involved since the liability limit was never reached.[2]

## DISCUSSION

■■■■ Three portions of the ERISA statutes delineate federal preemption of state law. The general preemption provision provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."[3] (29 U.S.C. § 1144(a).) This broad language is modified by the "savings clause" which provides that ERISA shall not be "construed to exempt or relieve any person from any law of any State which regulates insurance. . . ." (29 U.S.C. § 1144(b)(2)(A).) The "savings clause" is limited by the "deemer clause" which provides no employee benefit plan "shall be deemed to be an insurance company or other insurer . . . or to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies. . . ." (29 U.S.C. § 1144(b)(2)(B).)

■ Bruenn acknowledges that the general preemption provision of ERISA applies to this matter since it relates to an employee benefit plan. The essence of his argument is that the action is "saved" from federal preemption because the excess coverage provision in the Agreement rendered Aetna an "insurer" rather than merely an administrator of the medical plan.[4]

---

[2] Although the court gave Bruenn the option of amending his complaint to allege a California cause of action under the concurrent jurisdiction provision of ERISA, Bruenn declined to do so.

[3] "The preemption clause effectuates a broad remedial policy to protect the interests of participants in ERISA-governed plans and their beneficiaries 'by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.' 29 U.S.C. § 1001(b). Thus, ERISA imposes extensive duties on plan administrators, 29 U.S.C. §§ 1101-1114, and provides a comprehensive scheme for the criminal and civil enforcement of fiduciary obligations, 29 U.S.C. §§ 1131-1132. To the extent that ERISA redresses the mishandling of benefits claims or other maladministration of employee benefit plans, it preempts analogous causes of action, whatever their form or label under state law. [Citation.]" (*Powell* v. *Chesapeake & Potomac Telephone Co. of Va.* (4th Cir. 1985) 780 F.2d 419, 421-422, fn. omitted.)

[4] During the pendency of this appeal, the United States Supreme Court rendered its opinion in *Pilot Life Ins. Co.* v. *Dedeaux* (1987) 481 U.S. 41 [95 L.Ed.2d 39, 107 S.Ct. 1549] in which it determined that state common law causes of action alleging improper processing of claims benefits are preempted by ERISA. In his reply brief, Bruenn acknowledges the holding of *Pilot Life* but notes the opinion did not determine whether a cause of action under Insurance Code section 790.03 is also preempted.

In response, Aetna cites persuasive authority, discussed below, that the savings clause does not apply to an entity functioning solely as a plan administrator nor to an entity whose sole function is to provide excess coverage.

We find there is nothing in the instant facts or applicable case law that would render the combination of Aetna serving in the capacity of plan administrator *and* excess coverage carrier any different for ERISA preemption purposes than acting individually in either of those two capacities. Accordingly, summary judgment was properly granted in favor of Aetna.[5]

In *Powell* v. *Chesapeake & Potomac Telephone Co. of Va., supra,* 780 F.2d 419, the plaintiff was a beneficiary under her employer's self-funded employee benefit plan. She sued her employer and the plan's administrator, Connecticut General, under various theories emanating from alleged mishandling of disability claims.[6] In holding federal preemption to apply, the court held, "In its role as Plan administrator, Connecticut General neither spreads nor underwrites insurance risks; there is no insurance policy or contract. Rather, Connecticut General provides certain purely administrative claims processing functions pursuant to an administrative services agreement with the Plan's sponsor, C & P. Thus, notwithstanding that Virginia's implied covenant of fair dealing and Unfair Trade Practices Act may in some circumstances reach even the purely administrative activities of insurers, such regulation would not bear upon the 'business of insurance' within contemplation of ERISA's insurance saving clause and thus is not safe from preemption by ERISA." (*Id.,* at pp. 423-424, fns. omitted; see also *Drummond* v. *McDonald Corp.* (1985) 167 Cal.App.3d 428, 432 [213 Cal.Rptr. 164].)

*Moore* v. *Provident Life & Acc. Ins. Co.* (9th Cir. 1986) 786 F.2d 922, involved a claim under ERISA against, inter alia, Provident, which provided excess coverage much as Aetna did in this case. Provident also "retained the privilege to review the administrator's determination of the amount of benefits and to defend or settle any action filed on a claim for benefits . . . ." (*Id.,* at p. 924.) As in the instant case, at no time during the existence of the employee benefit plan were claims so great that Provident's excess coverage obligation was called into play. The *Moore* court held

---

[5] Because of this disposition, we need not determine whether ERISA preempts a cause of action under Insurance Code section 790.03. (Compare *Roberson* v. *Equitable Life Assur. Soc. of U.S.* (C.D.Cal. 1987) 661 F.Supp. 416 with *Goodrich* v. *General Telephone Co.* (1987) 195 Cal.App.3d 675 [241 Cal.Rptr. 640] (review granted Dec. 23, 1987 (S002951).)

[6] The theories included infliction of emotional distress and violation of Virginia's Unfair Trade Practices Act which, like California Insurance Code section 790, regulates "trade practices in the business of insurance." (*Powell, supra,* 780 F.2d at p. 422, fn. 4.)

federal preemption to apply because "[t]here was no insurance contract or policy involved in Moore's claim." (*Id.,* at p. 926.) Thus, the employee benefit plan could not be deemed an insurance company for purposes of the ERISA savings clause. (*Ibid.*)

■ ■ ■ ■ ■ On appeal, Bruenn attempts to circumvent the holdings of *Powell* and *Moore,* relying on well-established criteria which determine whether a practice constitutes the "business of insurance."[7] He first argues that Aetna was involved in spreading risks because it made the "sole and final determination as to whether or not a given claim [would] be paid or denied" and, because the excess coverage threshold could be "unilaterally modified" by Aetna, it had the "means and motive to unreasonably deny claims such as [Bruenn's]." However, the defendant administrator in *Powell* provided services that appear substantially similar to those provided by Aetna (see 780 F.2d at p. 423, fn. 6) and the excess coverage carrier in *Moore* was empowered to review determinations of coverage (see 786 F.2d at p. 927). Moreover, even assuming the Agreement allows Aetna to "unilaterally modif[y]" the excess coverage threshold, the record is devoid of any evidence that Aetna did in fact modify the threshold amount in order to avoid liability.

Bruenn also contends that "[c]laims adjustment is part of the insurance industry and limited to it by definition." However, Bruenn offers no authority in support of this bold assertion. Moreover, as noted by Aetna, Bruenn is inaccurate since case law demonstrates that many third party administrators of employee benefit plans are not insurance companies. (See, e.g., *Moore* v. *Provident Life & Acc. Ins. Co., supra,* 786 F.2d at p. 924 [plan administered by Beech Street Health Care Services, Inc.]; *Hancock* v. *Montgomery Ward Long Term Disability* (9th Cir. 1986) 787 F.2d 1302, 1303, 1305 [benefits terminated by Montgomery Ward Long Term Disability Trust].)

In sum, we are unable to discern any basis upon which to distinguish the *Powell* and *Moore* opinions from the facts of the instant case.[8] The trial

---

[7] In *Pilot Life Ins. Co.* v. *Dedeaux, supra,* 481 U.S. 41 [95 L.Ed.2d 39], the United States Supreme Court recently summarized the factors pertinent to an analysis of whether ERISA's savings clause applies in a particular situation. A principal part of the analysis is based on the McCarran-Ferguson Act (15 U.S.C. § 1101 et seq.), which provides that the "business of insurance" is subject to the laws of the states which relate to the regulation of such business. Three criteria apply to determine whether a practice constitutes the business of insurance: " '[F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.' [Citation omitted.]" (*Id.,* at pp. 48-49 [95 L.Ed.2d at p. 48].)

[8] Bruenn's reliance on *Presti* v. *Connecticut General Life Ins. Co., Inc.* (N.D. Cal. 1985) 605 F.Supp. 163 and *Insurance Bd. Under Social Ins. Plan* v. *Muir* (M.D.Penn. 1986) 635

court therefore acted properly in granting Aetna's motion for summary judgment.

## DISPOSITION

The judgment is affirmed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.

---

F.Supp. 1425 (vacated *sub nom. Insurance Bd. of Bethlehem Steel Corp.* v. *Muir* (3d Cir. 1987) 819 F.2d 408) is misplaced since both of these cases involved employee benefits which were funded by the defendant insurance company.