Jim **TAKEDA** and William H. **Whitten,**
**Plaintiffs-Appellants,**

v.

**NORTHWESTERN NATIONAL LIFE IN-SURANCE COMPANY, Stephen Splan, and Does 1 through 100, inclusive, Defendants-Appellees.**

**NORTHWESTERN NATIONAL LIFE IN-SURANCE COMPANY, and Microdata Corporation, Counterclaimants-Appellees,**

v.

Jim **TAKEDA** and William H. **Whitten,**
**Counterdefendants-Appellants.**

No. 84–5811.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1985.

Decided July 8, 1985.

Richard S. MacNaughton, Beverly Hills, Cal., for plaintiffs-appellants.

Gary M. Lape, Rutan & Tucker, Costa Mesa, Cal., for defendants-appellees.

Before FLETCHER, PREGERSON, and HALL, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiffs Takeda and Whitten appeal the district court's refusal to remand this action to state court and the entry of a preliminary injunction against prosecution of a second state court action plaintiffs filed after removal of this action to federal court. We reverse and remand to the district court with directions to remand this case to state court.

## I. BACKGROUND

Jim Takeda, a chiropractor, and William Whitten, one of his patients, ("plaintiffs") brought suit in California superior court against Northwestern National Life Insurance Company and Stephen Splan, an employee of Northwestern ("defendants" or "Northwestern"). Plaintiffs also included in their complaint 100 Doe defendants.

Plaintiffs alleged that Northwestern had contracted to provide medical insurance to employees of Microdata Corporation ("Microdata"), Whitten's employer, that Takeda had treated Whitten, and that Northwestern had refused to pay for all or part of this treatment. The complaint alleged that Northwestern was systematically underpaying claims such as Whitten's and was using improper bases for determining the allowance of claims. Takeda and Whitten purported to sue on behalf of all other medical practitioners and patients similarly situated. The complaint alleged state law claims for unfair competition, Cal.Bus. & Prof.Code §§ 17000–17208 (West 1964 & 1985 Supp.), breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duties, and violation of the California Insurance Code, Cal.Ins.Code § 790.03 (West 1972 & Supp.1985).

Northwestern removed this case to the federal district court on the basis of diversity of citizenship. 28 U.S.C. § 1441 (1982). Takeda and Whitten are California residents, Splan is a Minnesota resident, and Northwestern is a Minnesota corporation with its principal place of business in Minnesota. Microdata is a California corporation with its principal place of business in California.

After removal, Northwestern moved to dismiss plaintiffs' claims for breach of fiduciary duties and unfair competition. The district court granted the motion. Northwestern then answered and filed a counterclaim against plaintiffs. Microdata joined as an additional party counterclaimant. See Fed.R.Civ.P. 13(h). The counterclaim alleged that Whitten was not insured by Northwestern, but under a self-funded group medical plan established by Microdata pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1381 (1982). Microdata is the administrator of the plan, and Northwestern handles certain administrative responsibilities under the plan. The counterclaim sought a declaratory judgment that Microdata and Northwestern performed all duties they owed Whitten under the plan and ERISA and were not liable for the claims he and Takeda asserted.

Plaintiffs moved to remand the action to state court, at first on the basis that, with regard to the unfair competition claim, the amount in controversy requirement was not met as to all plaintiffs (i.e., the similarly situated medical practitioners and patients on whose behalf plaintiffs sued), and later, on the basis that the three California-

resident Northwestern employees named in one of Northwestern's responses to interrogatories were Doe defendants who destroyed diversity.

Northwestern responded by moving to strike the Doe defendants. The district court granted the motion to strike on the ground that the Doe defendants were sham. The court also denied plaintiffs' motion for remand.

Plaintiffs then filed a second state court action alleging the same claims raised in the federal action. Plaintiffs named as defendants in that action Northwestern and Splan, as well as Microdata, and the three California-resident Northwestern employees. Northwestern and Microdata moved to enjoin prosecution of the state court action. The district court granted the preliminary injunction, and plaintiffs timely appealed.

## II. DISCUSSION

### A. Jurisdiction

■ Defendants contend that we lack jurisdiction to review the district court's refusal to remand and that the only issue before us is the propriety of the preliminary injunction. *See La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 341 (3d Cir.1974) (per curiam), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). Our court has rejected this argument and allowed review of a refusal to remand on an appeal from a preliminary injunction. *Albi v. Street & Smith Publications, Inc.,* 140 F.2d 310, 311 (9th Cir. 1944).[1] When a district court enjoins prosecution of a parallel state action, the propriety of the underlying removal is inter-

twined with the propriety of granting the injunction. It would be wasteful not to review the refusal to remand in these circumstances. *See Alligator Co. v. La Chemise Lacoste,* 421 U.S. 937, 938, 95 S.Ct. 1666, 1666, 44 L.Ed.2d 94 (1975) (White, J., dissenting from denial of certiorari), *see also* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3740, at 598–99 (1985).

Accordingly, the district court's refusal to remand is an issue properly reviewable on this appeal.

### B. Propriety of Removal

■ In reviewing a denial of a motion to remand a removed case, we look to whether the case was properly removed to federal court in the first place. *Salveson v. Western States Bankcard Association,* 731 F.2d 1423, 1426 (9th Cir.1984). We strictly construe the removal statute against removal jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Salveson v. Western States Bankcard Association,* 731 F.2d at 1426. We review a district court's determination of subject matter jurisdiction de novo. *Carpenters Southern California Administration Corp. v. Majestic Housing,* 743 F.2d 1341, 1343 (9th Cir.1984).

Plaintiffs principally argue that the Doe defendants included in their complaint destroy diversity jurisdiction and compel remand. We find the presence of Does irrelevant here since we conclude that Microdata is an indispensable party to this action, whose absence mandates remand to state court.[2]

---

1. Cases from other circuits agree with this result. *Beech-Nut, Inc. v. Warner Lambert Co.,* 480 F.2d 801, 803 (2d Cir.1973); *Kysor Industrial Corp. v. Pet, Inc.,* 459 F.2d 1010, 1011 (6th Cir.) (per curiam), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 243 (1972); *Mayflower Industries v. Thor Corp.,* 184 F.2d 537, 538 (3d Cir.1950), *cert. denied,* 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951); *Johnson v. Butler Brothers,* 162 F.2d 87, 88 (8th Cir.1947).

2. Because of the importance of this issue, we raised it sua sponte. *See McCowen v. Jamieson,*

724 F.2d 1421, 1424 (9th Cir.1984); *Ross v. International Brotherhood of Electrical Workers,* 634 F.2d 453, 456 (9th Cir.1980); *Continental Insurance Co. v. Cotten,* 427 F.2d 48, 51 (9th Cir.1970). Although in some cases it might be desirable to remand to allow a district court to determine whether a nondiverse party is indispensable, we have the power to decide the joinder issue on appeal. *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 278 (9th Cir.1980); *see, e.g., Ross v. International Brotherhood of Electrical Workers,* 634 F.2d at 456–57; *Fidelity & Casualty*

### 1. *Microdata as an Indispensable Party*

■ Ordinarily, when removal is proper at the outset, federal jurisdiction is not defeated by later changes or developments in the suit. *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir.1983); *Southern Pacific Co. v. Haight*, 126 F.2d 900, 903 (9th Cir.), *cert. denied*, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942). But we have recognized an exception to this rule when an indispensable party would destroy diversity. *See Othman v. Globe Indemnity Co.*, 459 F.2d 1458, 1465; *Lopez v. General Motors Corp.*, 697 F.2d at 1332; *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1374 (9th Cir.1980); *Molnar v. National Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir.1956); *accord In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642, 646 (5th Cir. 1978).[3]

Rule 19 of the Federal Rules prescribes a bifurcated analysis to determine whether parties should or must be joined. We must first consider whether the party is necessary, i.e., whether:

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a). If the party is necessary but his joinder will destroy jurisdiction, as is the case here if Microdata is joined as a defendant, then we must consider whether "in equity and good conscience" the action should proceed without his joinder, i.e., whether he is indispensable. Fed. R.Civ.P. 19(b). In connection with this inquiry, four factors are relevant:

[1] to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; [2] the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; [3] whether a judgment rendered in the person's absence will be adequate, [4] whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

■ The Rule 19 analysis is easily stated, but not so easily applied. The rule emphasizes practical consequences and its application depends on the circumstances of each case. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968); *Kaplan v. International Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1361 (9th Cir.1975).

Our initial concern is whether plaintiffs can obtain complete relief from Northwestern alone. The ultimate responsibility for

---

*Co. v. Reserve Insurance Co.*, 596 F.2d 914, 918 (9th Cir.1979). Because the parties have fully briefed and argued the joinder issue, we decide the matter now, rather than remanding the issue to the district court.

**3.** Plaintiffs did not attempt to amend their complaint in the district court to add Microdata as a defendant or to substitute Microdata for one of the Does. In *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir.1983), we held that an eleventh-hour attempt to add parties and substitute for Doe defendants came too late as a matter of law and could not defeat diversity jurisdiction. But in that case, none of the parties sought to be joined were indispensable. *See id.*

We need not decide whether a plaintiff may, through dilatory conduct, waive the right to object to removal on the basis of an absence of an indispensable party. *See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 252 (5th Cir.1973). Plaintiffs' conduct in this case was not dilatory. Plaintiffs moved to remand this case shortly after it was removed. They attempted to amend their complaint to substitute the individual Northwestern employees for Doe defendants shortly after they became aware of their identities. They did not move to add Microdata as a defendant, primarily because the district court made it clear that it would not permit Microdata to be substituted for a Doe defendant. We find no waiver on this record.

the medical plan and for decisions allowing or disallowing claims rests with Microdata.[4] It is not clear whether Microdata or Northwestern made the decisions about which plaintiffs complain (e.g., the disallowance of a portion of Whitten's claim, the establishment of rate schedules, or the geographic basis upon which rates are determined). *Cf. Upshaw v. Equitable Life Assurance Society of the United States,* 85 F.R.D. 674, 678–79 (E.D.Ark.1980) (in employee's action against insurer for failure to pay retirement disability benefits, employer's retirement board was indispensable party because it alone determined whether employees should be medically retired); *Spirt v. Teachers Insurance & Annuity Association of America,* 416 F.Supp. 1019, 1021–22 (S.D.N.Y.1976) (in employee's action against administrator of pension plan charging sex discrimination in computing benefits, employer was an indispensable party because it was an "active participant" and adopted and contributed to pension plan).

We must also consider Microdata's interest. Northwestern asserts that Microdata will suffer no prejudice if the action proceeds, because both Northwestern and Microdata have been and will be involved in the defense of this action, both would raise similar defenses, and in the event of an adverse result, Microdata would satisfy the judgment or would indemnify Northwestern.[5] Our recent decision in *Aguilar v. Los Angeles County,* 751 F.2d 1089 (9th Cir.)

*cert. denied,* —— U.S. ——, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985), defeats this argument.

In *Aguilar,* the plaintiffs brought suit in federal court, alleging that the defendant-hospital's negligence caused their son to suffer severe brain damage. The son was not joined in the action, but instead brought a separate suit through his guardian ad litem in state court. The district court granted the defendant's motion to dismiss for failure to join the son, an indispensable party, Fed.R.Civ.P. 12(b)(7), since his citizenship would destroy diversity. We affirmed.

We concluded that the son was a necessary party because, under California law, he might have been collaterally estopped from relitigating issues determined adversely to his parents in the federal action. *Id.* at 1092–94. We noted that a California court could conclude that the son and the parents were in privity with one another, and therefore, collateral estoppel might have operated against the son.[6]

In recent years, the concept of privity for collateral estoppel purposes has been given an expansive interpretation. California courts have defined privity as "refer[ing] to a mutual or successive relationship to the same rights or property, or to such an identification in interest of one person with another as to represent the same legal rights." *Clemmer v. Hartford Insurance Co.,* 22 Cal.3d 865, 875, 587 P.2d 1098,

---

**4.** The agreement between Northwestern and Microdata provides that Northwestern acts "only as agent" of Microdata. It also provides that Microdata has "the final responsibility and liability for payment of claims in accordance with the provisions of the Plan." In addition, under the plan, Microdata agreed to "indemnify [Northwestern] ... from any and every loss, demand, right or cause of action of whatsoever kind of character which may be asserted against [Northwestern.]" Thus, the relationship of Microdata and Northwestern is both that of principal and agent and indemnitor and indemnitee.

**5.** Defendants additionally assert that Microdata is not prejudiced here because it could have intervened in this action under Fed.R.Civ.P. 24, had it wanted to. An absent party's opportunity to intervene may be considered in calculating

the prejudicial effect to him. *See Criswell v. Western Airlines, Inc.,* 709 F.2d 544, 557 (9th Cir.1983). "But if [a person's] joinder would destroy ... subject matter jurisdiction, the question of his indispensability determines his ability to intervene under Rule 24(a)—his ability to intervene does not determine whether he is indispensable." 3A J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 19.01–1[5.–6], at 19–37 (1985).

**6.** Judge Ferguson, in dissent, contended that the son's interests would be adequately protected by his parents in the federal action, and, therefore, the son should not have been deemed a necessary party. 751 F.2d at 1095 (Ferguson, J., dissenting). The majority in *Aguilar* did not expressly address this issue, but, by implication, rejected it.

1102, 151 Cal.Rptr. 285, 289 (1978). The inquiry is whether the relationship between the party to be estopped and the party in a prior litigation is "sufficiently close" so as to justify application of collateral estoppel. *Id.; see also In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir.1983) ("Privity exists when there is 'substantial identity' between the parties, that is, when there is a sufficient commonality of interest.").[7]

■■■ *Aguilar* makes clear that we need not conclusively determine how collateral estoppel would operate in future litigation. 751 F.2d at 1094. "Rule 19 speaks to *possible* harm, not only to certain harm." *Id.* (emphasis in original). We find that a significant possibility exists that the relationship between Northwestern and Microdata is sufficiently close so that Microdata could be collaterally estopped from relitigating issues decided against Northwestern in this proceeding.

For this reason, then, as well as the possibility that complete relief may be unavailable if Microdata is not joined, we conclude that Microdata is a necessary party under Rule 19(a). Microdata's citizenship would destroy diversity in this action, so we must consider whether "in equity and good conscience" the case should proceed without joinder, or if the case more properly should be remanded to state court.

■■■ We have already discussed potential prejudice and the possibility of inadequate relief, two of the Rule 19(b) factors, in the analysis above. The remaining factor of Rule 19(b) deserving attention is the availability of an alternative forum.[8]

State court provides an adequate alternative forum. In state court, all the parties who *should* be joined, *can* be joined. And, unlike a case brought under the federal

court's original jurisdiction, the state court is the forum originally chosen by the plaintiffs.

The availability of an alternative forum weighs strongly in favor of remanding this case. This case is still young; discovery apparently has just begun. There would be little duplication of effort if this case were to return to the state court. *See Walsh v. Centeio*, 692 F.2d 1239, 1244 (9th Cir.1982). On the other hand, judicial efficiency would not be promoted by permitting this case to go forward in federal court, with the possibility that future litigation between plaintiffs and Microdata or between Microdata and Northwestern may be required to settle this controversy fully.

For these reasons, we conclude that Microdata is an indispensable party to this action.

*2. Removal Based on Federal Question*

Alternatively, Northwestern asserts that this case was properly removed because a federal question was raised in its counterclaim. Northwestern and Microdata brought the counterclaim under section 502 of ERISA, 29 U.S.C. § 1132, seeking a declaration that they had performed all the obligations they owed to plaintiffs under ERISA. They claim that this presents an independent basis for federal jurisdiction and for removal. We disagree.

■■■ A case "arises under" federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–2848, 77 L.Ed.2d 420 (1983); *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914); *Louisville & Nashville*

7. Ironically, the closeness of the relationship between Microdata and Northwestern, which they assert shows that Microdata's interests are adequately represented so that Microdata is not a necessary party, is precisely what causes the likelihood of collateral estoppel in future litigation, and thus determines that Microdata *is* a necessary party. In fact, if Microdata were not adequately represented by Northwestern in this action, collateral estoppel could not be applied because to do so would violate due process. *See Clemmer v. Hartford Insurance Co.*, 22 Cal.3d 865, 875, 587 P.2d 1098, 1102, 151 Cal.Rptr. 285, 289 (1978).

8. The parties have not suggested any ways in which the judgment or relief could be shaped to avoid prejudice.

*Railroad v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). The federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 112, 57 S.Ct. at 97 (citations omitted).[9] We have held that "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question...." *Rath Packing Co. v. Becker,* 530 F.2d 1295, 1303 (9th Cir.1975), *aff'd on other grounds sub nom., Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); *accord Paxton v. Weaver,* 553 F.2d 936, 941–42 (5th Cir.1977); *La Chemise Lacoste v. Alligator, Co.,* 506 F.2d 339, 343–45 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1978). *But see Duncan v. First National Bank,* 597 F.2d 51, 55 n. 3 (5th Cir.1979); *Wong v. Bacon,* 445 F.Supp. 1177, 1185–87 (N.D.Cal.1977).

■ A straight-forward application of the well-pleaded complaint rule persuades us that removal jurisdiction does not exist. Plaintiffs sued under state law; they did not allege that their claims were based on federal law. Although the issue of whether plaintiffs' claims are preempted by federal law is present in this case, defendants have raised it only as a defense and have not asserted to this court or to the district court that preemption provides a basis for federal jurisdiction.[10] The federal question defendants raise in their counterclaims does not provide a basis for removal.

## III. CONCLUSION

This court does not have jurisdiction of this case. It properly belongs in state court. Microdata is an indispensable party to this action, and an alternative forum exists where Microdata can be joined. We direct the district court to vacate its orders, to dissolve the injunction against state court proceedings, and to remand this action to state court.

REVERSED and REMANDED.

---

**9.** Recently, in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. at 1, 103 S.Ct. at 2841, the Supreme Court reaffirmed these time-honored principles. The Court held that a suit brought by state tax authorities against a vacation trust to collect unpaid state income taxes from beneficiaries of the trust did not arise under federal law and so could not provide grounds for removal. *Id.* at 13, 19–22, 103 S.Ct. at 2848, 2851–2853. The Court stated: "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Id.* at 10, 103 S.Ct. at 2847 (emphasis in original, footnote omitted).

In a footnote, the Court acknowledged the trust's argument that a counterclaim for declaratory judgment under ERISA could provide an independent jurisdictional basis for the suit. 463 U.S. at 22 n. 24, 103 S.Ct. at 2853 n. 24. The Court did not reach this issue, however, because the Trust had not raised a counterclaim.

**10.** Section 514 of the statute, 29 U.S.C. § 1144, provides that ERISA preempts any and all state laws relating to employee benefit plans but does not preempt state laws regulating insurance, banking, or securities. *See id.* § 1144(a), (b)(2)(A). But ERISA further provides an exception, providing that employee benefit plans and trusts are not to be subject to state laws regulating insurance, banking, or securities. *Id.* § 1144(b)(2)(B).

Although Northwestern and Microdata suggest that preemption is a defense in this case, they do not raise this issue in connection with their argument concerning removal jurisdiction, and so we need not address it. *See Hunter v. United Van Lines,* 746 F.2d 635, 643 & n. 5 (9th Cir.1984) (although parties may not confer subject-matter jurisdiction on a federal court, their agreement as to the legal issues raised by the case is relevant to determining whether removal was proper; also, party seeking removal has burden of proving that it was proper). We note, however, that the state court to which we remand this case is fully capable to decide issues of preemption if defendants continue to assert them. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. at 21, 103 S.Ct. at 2852; *see, e.g., Provience v. Valley Clerks Trust Fund,* 163 Cal.App.3d 249, 209 Cal.Rptr. 276, 279–83 (1984).