60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Diana SEARCY, Plaintiff-Appellee,
v.
Edgar SEARCY, Defendant-Appellant.
 No. 95-3179.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before ANDERSON, TACHA, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This matter is before the court on appellant's motion for stay pending appeal. We must, however, examine our jurisdiction over the underlying appeal before we can consider the stay motion. Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755, 756-57 (10th Cir.1993), aff'd, 114 S.Ct. 1992 (1994).
 
 
 2
 Appellee filed a petition for divorce in Kansas state court. Appellant responded, asserting several counterclaims, and then removed the case to federal district court. The district court remanded the case to state court because it was a divorce proceeding and the federal district court lacked subject matter jurisdiction. See Ankenbrandt v. Richards, 112 S.Ct. 2206, 2215 (1992); Vaughan v. Smithson, 883 F.2d 63, 64 (10th Cir.1989).
 
 
 3
 We conclude that we do not have jurisdiction to consider this appeal. 28 U.S.C. 1447(d); Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976). Appellant's assertion of counterclaims raising federal questions does not give the court jurisdiction. Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir.1985).
 
 
 4
 APPEAL DISMISSED.
 
 
 5
 Mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470