91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KANEKO SHOJI, LTD., a Japanese corporation, Plaintiff-Appellant,
v.
KATSURA ENTERPRISE, INC., a Washington corporation,
Defendant-Appellee.
 No. 95-35368.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred May 8, 1996.
 Submitted May 22, 1996.
Decided July 29, 1996.
 
 Before: LAY,* CHOY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kaneko Shoji, Ltd., a Japanese corporation, appeals the dismissal under Fed.R.Civ.P. 19 of its action against Katsura Enterprise, Inc., a Washington corporation. The district court granted the motion to dismiss for failure to join indispensable parties, whose joinder would destroy diversity.
 
 
 3
 Under Rule 19, the district court must first determine whether an absent party is "necessary" to the action; then, if that party cannot be joined, the court must determine whether the party is "indispensable" so that in equity and good conscience the action should be dismissed. Confederated Tribes v. Lujan, 928 F.2d 1496, 1498 (9th Cir.1991).
 
 
 4
 a. Necessary parties
 
 
 5
 Whether the absent party is necessary involves another two-part analysis. First, the court must consider if complete relief is possible among those parties already in the action. Second, the court must consider (a) whether the absent parties have a legally protected interest in the outcome of the action or (b) whether the already named parties would be (i) impeded in protecting their interests, or (ii) left subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. See Fed.R.Civ.P. 19(a); United States ex rel. Morongo Band of Mission Indians v. Rose, 34 F.3d 901, 908 (9th Cir.1994).
 
 
 6
 The district court first determined that complete relief was possible between the two corporations without the joinder of the two individual defendants. This finding is not erroneous because the action is essentially an action to enforce a loan agreement, and complete relief on that agreement is possible.
 
 
 7
 The district court then found that the absent individuals had a legally protected interest in the suit because "the underlying factual dispute concerning both liability on the note and diversion of the proceeds concerns the alleged actions of officers and directors of the corporation." The appellant argues that this "legally protected interest" finding was in error because the absent individuals are officers and directors who lack a legally protected interest in a corporate loan agreement. We reject this argument because the two absent individuals as officers, directors, and/or shareholders in the defendant Washington corporation signed the loan agreement in dispute. The state court complaint alleges violation of fiduciary duties, conversion, and fraud by these individuals. Under Washington law, corporate officers, directors, and controlling shareholders may be personally liable when the corporate entity is used for an improper purpose or to evade fiduciary duties. See, e.g., Senn v. Northwest Underwriters, 875 P.2d 637, 639 (Wash.1994).
 
 
 8
 The district court concluded that Rule 19 discourages multiplicitous litigation, and that the possibility of collateral estoppel in the state court action was substantial. The appellant argues that the district court erred in its collateral estoppel analysis, citing extensive Washington law on "privity." We reject this argument because the complaint and affirmative defenses alleged in the federal pleadings are factually similar to the allegations in the state pleadings. We have stated that the district court "need not conclusively determine how collateral estoppel would operate in future litigation" and that "Rule 19 speaks to possible harm, not only to future harm." Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir.1985).
 
 
 9
 As the final part of the district court's "necessary" party analysis, the district court concluded that there was substantial risk of the already named defendant corporation incurring inconsistent obligations. See Fed.R.Civ.P. 19(a)(2)(ii). This conclusion is not erroneous on the facts and is within the discretion of the district court.
 
 
 10
 b. Indispensable parties
 
 
 11
 Rule 19(b) sets forth four factors to be considered by the court to determine whether the action should be dismissed because the absent parties are indispensable: (1) prejudice to absent parties or those already parties; (2) whether relief may be shaped to lessen prejudice; (3) whether a judgment rendered in the parties' absence will be adequate; and (4) whether the plaintiff has an adequate remedy or alternative forum if the action is dismissed.
 
 
 12
 The district court found that the first and fourth factors--potential prejudice and the availability of an alternative forum--"weighed heavily" in favor of a finding of indispensability. The prejudice test under Rule 19(b) is essentially the same as under Rule 19(a). See Confederated Tribes v. Lujan, 928 F.2d at 1499. The district court did not err in its analysis of prejudice. Furthermore, the availability of the alternative forum in state court weighs heavily toward dismissal.
 
 
 13
 The district court concluded that judicial economy and the need to avoid multiplicitous litigation, inter alia, warranted dismissal. This conclusion was within the court's discretion. The district court's judgment dismissing the action for failure to join indispensable parties is therefore AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3