133 F.3d 926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bradly CUNNINGHAM, Plaintiff-Appellant.
v.
NATIONAL BROADCASTING CORPORATION, a corporation ask NBC;
Sony Pictures, a corporation, a corporation; Craig Anderson
Production Company, a corporation; Craig Anderson, an
individually; Simon & Schuster, Inc., a corporation,
Defendants-Appellees.
 No. 96-35331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 19, 1997.
 
 1
 Before SNEED, LEAVY, and TROTT Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Bradly Cunningham, an Oregon state prisoner, appeal pro se the district court's dismissal of his action against the National Broadcasting Co., Inc. and others, alleging RICO ("Racketeer Influenced and Corrupt Organizations Act") violations, pursuant to 18 U.S.C. § 1961-1968, and other state causes of actions relating to a book and television docudrama regarding the murder of his wife. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm
 
 
 4
 Cunningham contends the district court erred in dismissing his RICO claim. We agree with the district court that Cunningham's allegations did not state a claim under RICO. See 18 U.S.C. §§ 1961(1) (defining "racketeering activity"), 2314 & 2315 (setting out minimum threshold requirement for claim based on stolen property); Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 786 (9th Cir.1992) (RICO requires a showing of concrete financial loss not mere injury to an intangible property interest); River City Markets v. Fleming Foods West, 960 F.2d 1458, 2464 (9th Cir.1992) ("predicate acts extending over a few weeks cr months and threatening no future criminal activity do not satisfy [RICO] requirement").
 
 
 5
 Nor did the district court abuse its discretion in dismissing without prejudice Cunningham's remaining state claims on the grounds that KGW Television was a non-diverse but indispensible party. See Takeda v Northwestern Natl. Life Ins. Co., 765 F.2d 815, 821 (9th Cir.1985) (potential for future litigation between the panties and the availability of an alternate forum required remand to state court so that non-diverse party could be joined) see also Makah Indian Tribe v. Verity, 910 F.2d 555, 560 (9th Cir.1990).
 
 AFFIRMED.[1]
 
 
 **
 That panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication nd not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellees' motion to strike Cunningham's brief is denied