**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MATTEL, INC.,
　　　　　*Plaintiff-Appellant,*

v.

CARTER BRYANT, AN INDIVIDUAL, ET
AL.; MGA ENTERTAINMENT, INC.,
　　　　　*Defendants-Appellees.*

No. 05-55696

D.C. No.
CV-04-09059-
NMM/RNB

OPINION

Appeal from the United States District Court
for the Central District of California
Nora M. Manella, District Judge, Presiding

Argued and Submitted
February 13, 2006—Pasadena, California

Filed May 2, 2006

Before: William C. Canby, Jr., John T. Noonan, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Noonan

## COUNSEL

Daniel P. Collins, Ailsa W. Chang, Los Angeles, California, for the plaintiff-appellant.

Keith A. Jacoby, Dale M. Cendali, Los Angeles, California, for the defendants-appellees.

## OPINION

NOONAN, Circuit Judge:

Mattel, Inc., a Delaware corporation with headquarters in California, appeals the order of the district court denying Mattel's motion to remand this action to state court in which Mattel had begun this suit against Carter Bryant, a resident of Missouri and a product designer formerly in its employ. Holding that diversity jurisdiction is not defeated by the intervention of MGA Entertainment, Inc., a California corporation not an indispensable party, we conclude that the district court properly retained jurisdiction.

## PROCEEDINGS

On April 27, 2004, Mattel filed a complaint against Bryant in Los Angeles County Superior Court alleging breach of contract and various torts. On May 14, 2004, Bryant removed the case to federal court, but the court held that the monetary requirement for diversity jurisdiction had not been satisfied. After discovery, Bryant again removed the case, and Mattel again moved to remand. On December 7, 2004, MGA Entertainment, Inc. (MGA) intervened as a defendant to protect its rights to Bratz dolls. On March 4, 2005, the district court held that diversity jurisdiction existed. Mattel was a Delaware corporation with headquarters in California, Bryant was a resident of Missouri, and the amount in controversy was over $75,000. The district court held that the intervention of MGA, a California corporation unmentioned in Mattel's complaint, did not destroy the diversity because MGA was not an indispensable party. The district court certified its order for interlocutory review under 28 U.S.C. § 1292(b). On May 12, 2005, a motions panel of this court granted Mattel permission to appeal.

## ANALYSIS

**[1]** *An Indispensable Intervenor*? Diversity jurisdiction exists in the controversy between Mattel and Bryant unless destroyed by MGA's intervention as a defendant. Intervention destroys diversity if the intervening party is indispensable. *Takeda v. Northeastern Nat'l Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985). We review a district court's indispensability determination for abuse of discretion. *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684, 687 (9th Cir. 2000). Mattel argues that MGA is indispensable to the case, explaining its failure to name MGA as a defendant by ignorance dispelled only by discovery that rights to Bratz were at stake. There is, therefore, Mattel argues, "a significant risk of prejudice" to MGA if the ownership of rights to intellectual property, i.e., the Bratz creations, were decided in the absence of MGA. This

significant risk of prejudice is sufficient, Mattel concludes, to make MGA indispensable and so defeats diversity. In opposition, MGA in the joint brief it has filed with Bryant denies that its presence is essential to deciding the controversy between Mattel and Bryant; declares that Mattel can obtain complete relief on all the claims it asserts against Bryant without the presence of MGA; notes that Mattel seeks no relief from MGA; and maintains that, in short, MGA is not an indispensable party.

[2] Mattel's solicitude for the rights of MGA appears to be driven by its desire to have the litigation proceed in a California court. The standard for determining whether a party is indispensable is set by the rule which requires the determination to be made "in equity and good conscience." Fed. R. Civ. P. 19(b). MGA disavows its indispensability. When, as in this case, collusion with the plaintiff is manifestly absent, a defendant intervenor's declaration that it is not indispensable satisfies any concern that a decision in its absence would have prejudiced it. MGA does not need Mattel to tell it what its risks were. Undoubtedly, MGA's posture is as much driven by its desire to be in federal court as Mattel's posture is driven by the desire to be in state court. Acknowledging MGA's jurisdictional motive, we accept its disavowal. MGA is not indispensable. The diversity required by 28 U.S.C. § 1332 is satisfied together with the judge-made rule of complete diversity and the judge-made exception for a non-indispensable defendant-intervenor. *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806) (establishing the complete diversity rule); *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428-29 (1991) (per curiam) (confirming the rule, established in *Wichita Railroad & Light Co. v. Public Utilities Commission*, 260 U.S. 48, 54 (1922), that the presence of a nondiverse and not indispensable defendant intervenor does not destroy complete diversity).

[3] *The Effect of Section 1367.* Mattel relies more heavily on a second objection to diversity jurisdiction, 28 U.S.C. § 1367(b), which reads:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

MGA has been made a party under Rule 24. In becoming a party, MGA answered Mattel's claims. Therefore, Mattel maintains, § 1367(b)'s prohibition against supplemental jurisdiction over claims made by parties under Rule 24 is violated.

**[4]** Mattel's argument overlooks the final clause of § 1367(b): the prohibition applies only "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." This final clause makes the diversity statute, § 1332, decisive. If that statute is not offended, the prohibition of § 1367(b) does not apply. We have already determined that the intervention of MGA does not offend § 1332. Mattel is mistaken in believing that § 1367(b) trumps § 1332. Neither § 1332 nor § 1367 upset the long-established judge-made rule that the presence of a nondiverse and not indispensable defendant intervenor does not destroy complete diversity. The addition of MGA does not destroy diversity jurisdiction.

*Conclusion.* For the foregoing reasons, the order of the district court is AFFIRMED.