GOODWIN, District Judge,
dissenting:
The district court and the majority inexplicably use the removal doctrine of complete preemption to recharacterize a counterclaim in a state court civil action as federal. From that process, they pluck an “independent” basis for federal subject matter jurisdiction to support this action to compel arbitration. As I find no independent basis for federal court jurisdiction exists, I respectfully dissent.
In Vaden /, the court heard an appeal from a case brought under the FAA, which did not have an independent jurisdictional basis on its face.[1] The panel found that “[a] federal court may ... hear a § 4 petition to compel arbitration if, but for the arbitration agreement, subject matter jurisdiction over the case would otherwise exist by virtue of a properly invoked federal question in the underlying dispute.” Discover Bank v. Vaden (Vaden I), 396 F.3d 366, 373 (4th Cir.2005) (emphasis added). The court in Vaden I remanded the case to the district court with instructions to determine whether “such a federal question exists in this case.” See id. at 373. The Vaden I panel hypothesized that Ms. Vaden’s counterclaims alleging illegal interest rates and late fees might present issues of such substantial federal interest as to be, in effect, federal claims under the FDIA. See Vaden I, 396 F.3d at 373 n. 3. The panel suggested to the district court that if it found that Discover Bank, “as opposed to merely Discover Financial Services, is a party of interest in the state law suit,” then a federal question may be pre *609 sented.[2] Id. at 373 n. 3. Upon remand, the district court found that Discover Bank was the real party in interest with respect to the counterclaims and on that basis bootstrapped an additional party into the case to defend the counterclaims. Discover Bank v. Vaden, 409 F.Supp.2d 632, 637 (D.Md.2006).
My disagreement with the majority opinion centers on its finding of “arising under” jurisdiction in a counterclaim. Federal question jurisdiction cannot be predicated on federal issues that may arise later in an action by way of defense or counterclaim. Arthur R. Miller, Artful Pleading: A Doctrine in Search of Definition, 76 Tex. L.Rev. 1781, 1783 (1998) (citing Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir.1985)).
My conclusion that there is no properly invoked federal question in the underlying case relies on basic principles of “arising under” jurisdiction. Federal courts are courts of limited jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (“Federal courts ... possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree.”). Article III of the Constitution gives federal courts the power to hear cases “arising under” the Constitution, laws, and treaties of the United States. U.S. Const, art. III, § 2, cl. 1. This grant of power is not self-executing. Congress did not give the federal courts general federal question jurisdiction until the Judiciary Act of 1875. Act of Mar. 3, 1875, ch. 137, § 1, 18 Stat. 470, 470 (current version at 28 U.S.C. § 1331 (1994)). Although the language of § 1331 tracks Article Ill’s arising under language, the Supreme Court has given § 1331 a limiting construction. Miller, 76 Tex. L.Rev. at 1782. “One of the keystones of this limiting construction is the ‘well-pleaded complaint rule’ articulated by the Supreme Court in Louisville & Nashville R.R. v. Mottley and constantly reaffirmed by the federal judiciary.” Id. For the Court to have jurisdiction under § 1331, it must be clear from the face of a well-pleaded complaint that there is a federal question; the federal issue must exist as part of the plaintiff’s cause of action. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152-54, 29 S.Ct. 42, 53 L.Ed. 126 (1908). A federal right must be an essential element of the plaintiffs claim; “the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.” Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112-13, 57 S.Ct. 96, 81 L.Ed. 70 (1936). This rule also serves the essential administrative function of establishing the existence of a federal question at the onset of litigation. Miller, 76 Tex. L.Rev. at 1783. The well-pleaded complaint rule applies equally to original and removal jurisdiction and has prevented federal courts from asserting jurisdiction over many cases in which federal issues have actually been raised. Id. “This bright-line rule prevents the disruption, to both the system and the litigants, of shifting a case between state and federal fora in the middle of an action as federal issues arise or fall out.” Id.
State courts, on the other hand, are courts of general jurisdiction. The Su *610 preme Court has held that not only do state courts have the ability to hear federal claims, but that in all but the most exceptional circumstances they must hear federal claims. See generally Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947) (establishing that state courts have a general obligation to hear federal claims). This ability and obligation of state courts to hear federal claims and enforce federal law is derived from the Supremacy Clause of the U.S. Constitution.[3]
In the case before this court seeking to compel arbitration, federal jurisdiction is purportedly based upon defendant’s state court counter-claim alleging illegal late fees and interest rates. There was no diversity jurisdiction and no federal question appeared on the face of the complaint. In affirming the district court, the majority undertook an examination of the state counterclaims using novel understandings of procedural rules as to parties[4] and a completely puzzling view of the doctrine of complete preemption. This process led the majority of this panel to agree with the district court that Ms. Vaden’s counterclaims provided federal subject matter jurisdiction over the underlying case, and therefore an independent jurisdictional basis existed to permit the court to decide the petition to compel arbitration under the FAA. This was error. There was no “properly invoked federal question” in the underlying state case.
The Court in Holmes Group, Inc. v. Vornado Air Circulation Systems, 535 U.S. 826, 830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), addressed the question of whether a counterclaim can serve as the basis for arising under jurisdiction. The Court held that it could not. The Court noted that the well-pleaded complaint rule has long governed whether a case “arises under” federal law for purposes of § 1331. Holmes Group, Inc., 535 U.S. at 830, 122 S.Ct. 1889 (citing Phillips Petroleum Co. v. Texaco Inc., 415 U.S. 125, 127-128, 94 S.Ct. 1002, 39 L.Ed.2d 209, (1974) (per curiam)). The Court stated, “a counterclaim — which appears as part of the defendant’s answer, not as part of the plaintiffs complaint — cannot serve as the basis for ‘arising under’ jurisdiction.” Holmes Group, Inc., 535 U.S. at 831, 122 S.Ct. 1889 (citing In re Adams, 809 F.2d 1187, 1188 n. 1 (5th Cir.1987); FDIC v. Elefant, 790 F.2d 661, 667 (7th Cir.1986); Takeda *611 v. Northwestern National Life Ins. Co., 765 F.2d 815, 822 (9th Cir.1985); 14B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3722, pp. 402-414 (3d ed.1998)). The Court concluded, “[f]or these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the ‘well-pleaded-complaint-or-com-terclaim rule’ urged by respondent.” Holmes Group, 535 U.S. at 832, 122 S.Ct. 1889 (emphasis in original).
The majority attempts to evade the clear holding in Holmes Group by misapplying the doctrine of complete preemption to counterclaims. The majority fails to recognize that complete preemption is solely a removal doctrine that is analytically applied to recharacterize allegations made in a plaintiffs complaint. The majority sets about its explication of its novel jurisdictional construct in footnotes two and three. Op. at 598, 599. An examination of these footnotes exposes the erroneous legal formulation upon which the majority opinion depends.
In footnote three, the majority acknowledges that complete pre-emption is a removal doctrine, stating, “[although complete preemption did originate in the removal context, we conclude that it also applies to the unique procedural posture of this case.” Op. at 599 n. 3. The majority offers as support for this proposition the following quote from Caterpillar, Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987):
On occasion, the Court has concluded that a preemptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.
Contrary to the majority’s apparent understanding, that passage makes plain that the doctrine of complete preemption has but one purpose — that is, the recharacteri-zation of a plaintiffs state complaint so that it may be considered federal for the purposes of the well-pleaded complaint rule. The well-pleaded complaint rule states that, “a defendant may not remove a case to federal court unless the plaintiff’s complaint establishes that the case ‘arises under’ federal law.” Franchise Tax Bd., 463 U.S. at 10, 103 S.Ct. 2841 (footnote omitted; emphasis added). The complete preemption doctrine thus works to treat a plaintiffs state complaint as federal from its inception, thus permitting removal. “In the case of complete preemption ... Congress ‘so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.’ ” Darcangelo v. Verizon Commc’ns, Inc., 292 F.3d 181, 187 (4th Cir.2002) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)) (emphasis added).
The majority’s holding results in the adoption of a “well-pleaded counterclaim rule,” rejected by the Court in Holmes Group as it would leave the acceptance or rejection of the state forum to the counter-claimant. “It would allow a defendant to remove a case brought in state court under state law, thereby defeating plaintiffs choice of forum, simply by raising a federal counterclaim.” Holmes Group, 535 U.S. at 831, 122 S.Ct. 1889. Or in the case of a dispute requiring arbitration, it would deprive the state court of its concurrent jurisdiction to enforce the FAA. See Moses H. Cone, 460 U.S. at 25, 25 n. 32, 103 S.Ct. 927 (noting that “enforcement of the [FAA] is left in large part to the state courts”).
Footnote three in the majority opinion concludes: “To hold otherwise would have the perverse result of returning to state court otherwise completely preempted federal claims because of the unanticipated *612 nature of a defendant’s counterclaims.” Op. at 599 n. 3. Not to quibble, but the counterclaims never left state court, as the case was not removed or removable. No accepted theory of federal jurisdiction would put this claim properly before a federal court. In any event, what the majority characterizes as a perverse result is an accurate description of our legal system and the overlapping jurisdiction of state and federal courts. Federal counterclaims are adjudicated in state court every day. (See, e.g., City & County of Honolulu v. Sherman, 110 Hawai'i 39, 129 P.3d 542 (2006) (adjudicating counterclaims based on the federal Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)); Villas West II of Willowridge v. McGlothin, 841 N.E.2d 584 (Ind.App.2006) (adjudicating at trial Fair Housing Act counterclaim); Salon Enterprises, Inc. v. Langford, 29 Kan.App.2d 268, 31 P.3d 290 (2000) (adjudicating FLSA counterclaims); Wash. Suburban Sanitary Comm’n v. CAE-Link Corp., 330 Md. 115, 622 A.2d 745 (1993) (granting summary judgment as to § 1983 counterclaims)).
I completely disagree with the majority’s conclusion in footnote three. I believe Holmes Group is controlling here. In an attempt to support its contention that Holmes Group does not contradict its conclusion, the majority misinterprets the text of Wright & Miller. The majority in footnote three, selectively quotes Wright & Miller. A key portions is omitted. The omission substantially distorts the textual discussion. In context this section of the treatise states (omitted portion in bold):
In contrast, under the complete-preemption doctrine, which has been invoked in a significant — and ever-increasing— number of cases and contexts, a narrow class of claims are so “necessarily federal” that they always will permit removal to federal court. In these cases, federal law “not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting congress’s intent to permit removal.” Thus, if a plaintiff files suit in state court based upon a state cause of action, and the defendant removes the case on the basis of complete preemption, the federal district court will recharacterize the plaintiffs state cause of action as a federal claim for relief, making the removal proper on the basis of federal question jurisdiction. In this sense, the complete-preemption doctrine overrides such fundamental cornerstones of federal subject matter jurisdiction as the well-pleaded complaint rule and the principle that the plaintiff is master of the complaint.
14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3722.1 at 508, 511 (3d ed.1998) (emphasis added). Without omissions, the referenced passage makes clear that the doctrine of complete preemption is exclusively focused on claims in a plaintiffs complaint and offers no support for the majority’s jurisdictional theory.
Finally, I am constrained to say that I am troubled by the court’s use of the FAA as a make weight for jurisdiction. The FAA was designed to make arbitration agreements as enforceable as other contracts, but not more so. Prima Paint, 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). It did not intend “to elevate [them] over other forms of contract.” Id. The Supreme Court has made clear that the plain language of § 4 forbids federal courts from adjudicating the merits of the dispute to be arbitrated. Yet, this court interprets § 4 to require the district courts to address the underlying dispute carefully enough to determine whether it states a federal question. The federal court does this, not so that it can resolve *613 any of the parties’ rights or remedies under federal law, but simply so it can take subject matter jurisdiction of a § 4 FAA action that is often nothing more than an ordinary contract action. Cmty. State Bank v. Strong, 485 F.3d 597, 616 (11th Cir.2007) (J. Marcus concurring).
With respect, I believe the approach taken by the majority here, and the panel in Vaden I, is mistaken. Vaden I puts this court at odds with at least four of our sister circuits. See Westmoreland Corp. v. Findlay, 100 F.3d 263, 267-69 (2d. Cir.1996); Prudential-Bache Sec., Inc. v. Fitch, 966 F.2d 981, 986-88 (5th Cir.1992); Smith Barney, Inc. v. Sarver, 108 F.3d 92, 94 (6th Cir.1997); Wisconsin v. Ho-Chunk Nation, 463 F.3d 655, 659 (7th Cir.2006). The clear weight of authority is that § 4 does not make federal question jurisdiction over a petition to compel arbitration dependent on the nature of the underlying dispute to be arbitrated. Community State Bank, 485 F.3d at 615. Actions are regularly filed under the FAA, and the approach adopted by this court, finding federal question jurisdiction where the court is asked only to enforce a private contract, considerably, and in my view unjustifiably, expands federal court jurisdiction. Community State Bank, 485 F.3d at 616. I do not believe we should look beyond the face of the arbitration petition to determine jurisdiction.
The district court erred in determining it had subject matter jurisdiction. There is no properly invoked federal question in the underlying case. Therefore there is no independent basis for jurisdiction over the suit seeking enforcement under the FAA. I would remand to the district court with instructions to dismiss the case for lack of subject matter jurisdiction.

. It is well established that the FAA standing alone does not provide a basis for federal jurisdiction. See Southland Corp. v. Keating, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The Arbitration Act is something of an anomaly in the field of federal court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction.”). Therefore, before a district court may entertain a petition under the FAA, there must be an independent basis of jurisdiction. Owens-Ill., Inc. v. Meade, 186 F.3d 435, 439-40 (4th Cir.1999) ("Section 4 of the FAA confers jurisdiction in the district court over petitions to compel arbitration only to the extent that the federal court would otherwise have jurisdiction over the case. On that basis, this case must include another independent basis to establish federal jurisdiction.”).

. I do not know what it is to be "a party of interest” in a lawsuit, and the panel in Vaden I gave no explanation. The district court, parties, and apparently now the majority have treated this as an inquiry into who "the real party in interest” is in Ms. Vaden’s counterclaims. The majority states, "[mjore specifically, we asked the district court to determine whether Discover Bank .or DFS was the real party in interest with respect to Vaden’s state court counterclaims.”' Op. at 597.

. The Supremacy Clause provides in pertinent part: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.” U.S. Const, art. VI, cl. 2.

. The "party of interest” inquiry suggested in Vaden I was but another unnecessary detour which resulted in the parties, the district court, and the majority becoming procedurally lost. Federal Rule of Civil Procedure 17(a) states in pertinent part "[ejvery action shall be prosecuted in the name of the real party in interest.” I am puzzled by the majority's "real party in interest” analysis, which appears to be backward. A defendant can never be a real party in interest.
By its very nature, Rule 17(a) applies only to those who are asserting a claim. 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 1543 (2d ed.1987) (emphasis added). The real party in interest requirement is not limited to original plaintiffs but must also be satisfied for purposes of asserting a counterclaim. Id. (emphasis added). Here the counter-claimant was Ms. Vaden. No part of Rule 17(a) suggests an inquiry into whether an entity might be a proper defendant. Quite generally people can and do sue whomever they intend. If Discover Financial Services believed it was not the proper party to be sued it could have filed a motion for summary judgment.